UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| WILLIAM MORRIS | PLAINTIFF |
| v. | CASE NO.: 3:17-cv-00137-SA-JMV |
| SUNRISE CREDIT SERVICES, INC. | DEFENDANT |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Sunrise Credit Services, Inc. ("SCS"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses and states:

### PRELIMINARY STATEMENT

SCS admits William Morris ("plaintiff") purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies any violations, liability and wrongdoing under the law. Except as specifically admitted, SCS denies the allegations in ¶ 1.

### PARTIES

1. SCS denies the allegations in ¶ 2 for lack of knowledge and information necessary to form a belief as to the truth or falsity therein.

2. SCS denies the allegations in ¶ 2 for lack of knowledge and information necessary to form a belief as to the truth or falsity therein and as calling for a legal conclusion.

3. SCS admits it is a corporation organized under the laws of New York. Except as specifically admitted, SCS denies the allegations in ¶ 3 as calling for a legal conclusion.

1

2162486

4. SCS admits that part of its business is the collection of debts, but denies that it is covered by the FDCPA with respect to plaintiff as calling for a legal conclusion.

5. SCS denies the allegations in ¶ 5 as calling for a legal conclusion.

6. SCS denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

## JURISDICTION AND VENUE

7. SCS admits this Court has subject matter jurisdiction over plaintiff's FDCPA and TCPA claims. Except as specifically admitted, SCS denies the allegations in ¶ 7.

8. SCS denies the allegations in ¶ 8 as calling for a legal conclusion.

9. SCS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

## FACTUAL ALLEGATIONS

10. SCS denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. SCS admits that its records reflect that it placed calls to plaintiff on or around June 1, 2017. Except as specifically admitted, SCS denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. SCS denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. SCS admits the allegations in ¶ 13.

14. SCS denies the allegations in ¶ 14 as written.

15. Section 1692g(a) speaks for itself and is the best evidence of its contents. To the extent that plaintiff states otherwise, SCS denies the allegations in ¶ 15.

16. SCS denies the allegations in ¶ 16.

17. SCS denies the allegations in ¶ 17.

18. SCS denies the allegations in ¶ 18.

19. SCS denies the allegations in ¶ 19 as written.

20. SCS denies the allegations in ¶ 20 on information and belief.

21. SCS denies the allegations in ¶ 21 on information and belief.

22. SCS denies the allegations in ¶ 22 as written.

23. SCS admits that its records reflect it sent plaintiff a letter on or around June 6, 2017. Except as expressly admitted, the allegations in ¶ 23 are denied.

24. SCS denies the allegations in ¶ 24 as written.

25. SCS denies the allegations in ¶ 25 on information and belief.

26. SCS denies the allegations in ¶ 26 on information and belief.

27. SCS denies the allegations in ¶ 27.

28. SCS denies the allegations in ¶ 28.

29. SCS denies the allegations in ¶ 29.

30. SCS denies the allegations in ¶ 30.

## CAUSES OF ACTION

### COUNT I
### ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

31. SCS incorporates and reasserts its responses to the foregoing allegations as if fully set forth herein.

32. SCS denies the allegations in ¶ 32.

2162486

## COUNT II
## ALLEGED VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*

33. SCS incorporates and reasserts its responses to the foregoing allegations as if fully set forth herein.

34. SCS denies the allegations in ¶ 34.

35. SCS denies that plaintiff is entitled to a jury trial, as requested in ¶ 35 and further denies that plaintiff is entitled to the relief requested in the paragraph following his numbered allegations.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

1. To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. SCS denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of SCS's purported violations.

3. One or more claims asserted by plaintiff are barred by laches, estoppel, waiver, and/or unclean hands.

4. Assuming that plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than SCS and were beyond the control or supervision of SCS or for whom SCS was and is not responsible or liable.

4

2162486

6. Plaintiff has failed to state a claim against SCS upon which relief may be granted.

Filed this 25th day of August, 2017.

          Respectfully submitted,

          */s/ Martha Bost Stegall*
          Martha Bost Stegall, MSB # 3701
          MITCHELL, MCNUTT & SAMS, LLC.
          105 South Front St.
          P.O. Box 7120 (38802-7120)
          Tupelo, MS 38804
          Ph: (662) 842-3871
          Fax: (662) 842-8450
          mstegall@mitchellmcnutt.com
          *Attorneys for Defendant,*
          *Sunrise Credit Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 25, 2017, a copy of the foregoing was filed electronically in the ECF system. I further certify that notice of this filing was sent to plaintiff via United States Mail, postage prepaid, at the below address:

          William Morris
          25053 Highway 35
          Sardis, MS 38666
          will35010@gmail.com

          */s/ Martha Bost Stegall*
          Martha Bost Stegall

2162486